*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BROOKINS/KING/ROBY, Minors.

UNPUBLISHED
February 13, 2020

No. 350339
Wayne Circuit Court
Family Division
LC No. 18-432341-NA

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her children, TRR, TR, EB, and MK, under MCL 712A.19b(3)(b)(*i*) (physical or sexual abuse by parent), (b)(*ii*) (parent failed to prevent physical or sexual abuse), (g) (failure to provide care and custody), (j) (reasonable likelihood that the child will be harmed if returned to parent), and (k)(*iii*) (parent battered, tortured, or severely physically abused child or sibling of child).[1] We affirm.

Respondent has an extensive history with Child Protective Services (CPS) and the juvenile court. Her children were removed from her care for the first time in 2004, and they have been removed numerous times since because of physical abuse, neglect, and respondent's substance abuse issues. However, the children were always returned to her care. In December 2018, petitioner filed a petition to have the children removed and to have respondent's parental rights terminated after TR reported to the police that she could not go home because respondent beats her. TR also reported that she and EB had been sexually abused by respondent's boyfriend, with whom respondent, TR, EB, and MK lived. TR reported that she had told respondent of the sexual abuse on multiple occasions, but respondent did nothing, and allowed the children to remain in the home. Respondent subsequently admitted to a CPS worker that TR told her about the abuse two years prior, but she did not believe TR. The trial court terminated respondent's parental rights to her children.

---

[1] The parental rights of MK's father were also terminated. MK's father did not appeal the order terminating his parental rights.

Respondent argues that the trial court erred when it terminated her parental rights under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), (j), and (k)(*iii*). In order to terminate parental rights, a trial court must find that a statutory ground has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding statutory grounds are reviewed for clear error. *Id.* "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* (citation and quotation marks omitted).

## I. MCL 712A.19b(3)(b)(*i*)

If a child or the sibling of a child has suffered physical injury, a court may terminate a parent's parental rights under MCL 712A.19b(3)(b)(*i*) if "[t]he parent's act caused the physical injury," and "the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home."

The trial court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(b)(*i*). The children were removed from respondent's care in December 2018 after TR reported that respondent beat her. TR reported to the foster care worker, Pedro Smith, that respondent had banged TR's head on the floor, which EB reported as having seen. Moreover, TR testified that, when respondent was intoxicated, she used her fists to hit TR. Smith testified as to having seen the scratch on TR's head as a result of her head being banged on the floor, and Corporal Sheran Johnson testified as to having seen new and old bruises on TR's body that TR reported were the result of respondent assaulting her. Thus, the trial court did not err in finding that respondent had physically abused TR.

Moreover, the trial court did not err in finding that there was a reasonable likelihood that the children would suffer from injury or abuse in the foreseeable future if returned to respondent's care. The court took judicial notice of the prior cases involving respondent and her children dating back to 2004. Respondent had her children removed from her care on multiple occasions before the present case for a number of reasons, including physical abuse, neglect, and substance abuse issues, and she had been offered numerous court-ordered services in the past. Despite the services, respondent failed to benefit, and 14 years later, respondent continued to struggle with alcohol abuse, and continued to subject her children to her physically abusive behavior when intoxicated. The court noted that, as recent as May 2019, respondent tested positive for alcohol. Although respondent was receiving treatment, and had been sober for approximately three months, Tonya Murphy, respondent's inpatient program manager, testified that respondent would need to be sober for one year before the children could be safely returned to her care. The court did not err in finding that, because of respondent's extensive history of substance abuse, physical abuse, failure to protect her children, and failure to benefit from services, the children would suffer injury or abuse if placed in respondent's care in the foreseeable future.

Respondent argues that in past cases petitioner failed to offer her services to accommodate her developmental disability, and this failure amounted to a violation of the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.* Whether petitioner offered respondent adequate services in past cases is not a proper issue in the current case, and respondent's children were always previously returned to her care. In addition, "[a]ny claim that the parent's rights under the

ADA were violated must be raised well before a dispositional hearing regarding whether to terminate her parental rights, and the failure to timely raise the issue constitutes a waiver." *In re Terry*, 240 Mich App 14, 26 n 5; 610 NW2d 563 (2000). When a respondent does not argue in the trial court that petitioner failed to comply with the ADA, "her sole remedy is to commence a separate action for discrimination under the ADA." *Id.* at 26.[2]

Only a single statutory ground needs to be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Therefore, termination of respondent's parental rights was appropriate. Nevertheless, we address the remaining statutory grounds for termination.

## II. MCL 712A.19b(3)(b)(*ii*)

If a child or the sibling of a child has suffered physical injury, a court may terminate a parent's parental rights under MCL 712A.19b(3)(b)(*ii*) if "[t]he parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home."

The trial court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(b)(*ii*). TR and EB had been sexually abused by respondent's boyfriend on numerous occasions. TR testified that respondent's boyfriend had touched her vaginal area at least 10 times, and on one occasion, while respondent was drunk outside with a friend, respondent's boyfriend placed his penis in TR's mouth and ejaculated. TR and EB reported the sexual abuse to respondent on multiple occasions, but respondent admittedly did nothing. Despite being made aware of the sexual abuse, respondent allowed her children to live in the same home with her boyfriend. Thus, the trial court did not err in finding that respondent had the opportunity to prevent the sexual abuse of TR and EB, but failed to do so.

Moreover, the trial court did not err in finding a reasonable likelihood that the children would suffer injury or abuse in the foreseeable future if placed in respondent's home. As noted previously, respondent had been receiving court-ordered services for 14 years, but she continued to allow her children to remain in a sexually abusive home. Respondent continued to struggle with alcohol abuse. The court also noted that there had been allegations that respondent allowed a previous boyfriend to sexually assault TRR, and respondent was made aware of the sexual abuse two years prior, but she chose to do nothing. Thus, because of respondent's history of allowing her children to be sexually abused and her continuous struggle with substance abuse, the trial court did not err in finding that there is a reasonable likelihood that the children would be harmed if returned to her home.

---

[2] Furthermore, petitioner filed an initial petition for termination of respondent's parental rights, and therefore, petitioner had no duty to render services to respondent. MCR 3.977(E)(1). Under MCR 3.977(E)(1), the court "shall order that additional efforts for reunification of the child with the respondent shall not be made" if the petition contains a request for termination.

### III. MCL 712A.19b(3)(g)

Parental rights can be terminated if the trial court finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care and custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g).

The trial court did not err when it found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g). For the reasons already discussed, sufficient evidence was presented for the court to find that respondent failed to provide proper care and custody for her children.

The trial court did not err in finding that there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time considering the children's ages. MCL 712A.19b(3)(g). Respondent had been provided numerous services over a 14-year period, but she failed to show that she could provide proper care and custody for her children. After having her children removed from her care multiple times, respondent continued to struggle from alcohol abuse, which led to her violent and abusive behavior. Although respondent was receiving treatment, Murphy believed it would be at least a year before respondent could parent her children. Moreover, respondent did not have suitable housing for her children. Although respondent was on the waiting list for housing, there was no indication as to when she would have a suitable home. Furthermore, respondent had failed to show that she could protect her children from sexually abusive men being that TRR, TR, and EB had all been sexually abused by men in respondent's life.

### IV. MCL 712A.19b(3)(j)

The trial court may terminate parental rights under MCL 712A.19b(3)(j) if the court finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Under MCL 712A.19b(3)(j), harm can be both physical and emotional. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

The trial court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(j). Evidence established that respondent physically abused TR, which included banging TR's head against the floor. In addition, even if the physical abuse leading to the current removal of her children was inflicted solely to TR, both EB and MK reported witnessing respondent inflict physical abuse to TR. Moreover, respondent allowed TR and EB to be sexually abused by respondent's boyfriend on multiple times over a two-year period. Respondent had a severe alcohol addiction, which led her to be violent and abusive. TR testified that she believed it would be unsafe for her or any of her siblings to live with respondent. Because of respondent's extensive history of substance abuse, physical abuse, failure to protect her daughters from sexual abuse, and her failure to rectify these conditions after having received court-ordered services multiple times over 14 years, the trial court did not err in finding that there is a reasonable likelihood that the children would be physically or emotionally harmed if returned to respondent's care.

## V. MCL 712A.19b(3)(k)(*iii*)

The trial court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(k)(*iii*). Termination is appropriate under MCL 712A.19b(3)(k)(*iii*) when a parent abuses a child or the child's sibling, the abuse included "[b]attering, torture, or other severe physical abuse," and "there is a reasonable likelihood that the child will be harmed if returned to the care of the parent." TR testified that respondent physically abused her. MCL 712A.19b(3)(k)(*iii*) does not define "severe physical abuse." "Severe" is defined, in part, as "very harmful or painful." *Merriam-Webster's Collegiate Dictionary* (11th ed). The evidence indicates that respondent banged TR's head on the ground. Respondent's conduct was forceful enough to leave a scratch on TR's head. Banging a child's head on the ground with enough force to leave a mark is harmful, and presumably painful. Moreover, respondent would also hit TR in the chest with her fists, which TR specifically described as being painful. Therefore, respondent's abuse constitutes severe physical abuse.

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron